

**ROBBIE MALONE**
Direct Dial 214•346•2625
RMalone@mamlaw.com
Main 214•346•2630 | Fax 214•346•2631

Attorneys and Counselors
NorthPark Central, Suite 1850
8750 N. Central Expressway
Dallas, TX 75231

January 27, 2020

The Honorable George C. Hanks, Jr.
United States District Court
601 Rosenberg, 6th Floor
Galveston, TX 77550

      Re:    *Martha Thurmond v. Credit Control, LLC*
               Case No.: 4:19-cv-04610

Dear Judge Hanks:

Defendant Credit Control, LLC ("Credit Control") hereby requests a pre-motion conference in accordance with Rule 6 of the Court Procedures. Defendant respectfully requests the ability to file a motion to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure. The basis of such a motion is as follows.

## INTRODUCTION

This case arises from a letter sent by Defendant to Plaintiff offering to settle a valid and owing debt for a Macy's credit card account financed by Department Stores National Bank. Plaintiff has asserted claims against Credit Control under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA") and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq*. Specifically, Plaintiff alleges that that the letter was misleading and deceptive because "it was deceptive for Defendant to Defendant to obfuscate the tax consequences of its settlement offer." *See* Plaintiff's Complaint ¶ 23. Specifically, Plaintiff alleges that "Defendant purported to only convey a benefit to Plaintiff by making its settlement offer without warning her of the tax implications of accepting its settlement offer. Therefore, Defendant's goal was to deceptively induce Plaintiff into making a payment by purporting that Plaintiff would only be benefited if she accepted the settlement offer." *Id*.

## FACTUAL BACKGROUND

On October 11, 2019, Credit Control mailed or caused to be mailed a collection letter to Plaintiff regarding a Macy's credit card account financed by Department Stores National Bank. *See* Plaintiff's Complaint ¶¶ 7 - 8. In addition, a true and accurate copy of the October 11, 2019 letter is attached hereto as Exhibit A. The letter offered Plaintiff a settlement of the debt for $681.09. *See* Plaintiff's Complaint ¶ 10 and Exhibit A. If accepted, the settlement would have resulted in debt forgiveness in the amount of $1,021.64. *See* Plaintiff's Complaint ¶ 11 and Exhibit

A. The letter does not inform the Plaintiff of the tax consequences of accepting the settlement offer. *See* Plaintiff's Complaint ¶ 12 and Exhibit A.

## SUMMARY OF THE ARGUMENT

The letter sent by Credit Control was not false, misleading, or deceptive. The FDCPA does not require a debt collector to give the debtor legal advice or notice concern the potential tax consequences, and exclusions thereto, of any settlement of the debt for less than the full balance. Therefore, Credit Control was not required to provide any notice to the Plaintiff that she might owe income taxes on the amount of the forgiven debt.

## ARGUMENTS & AUTHORITIES

Plaintiff's Complaint boils down to one fact, Credit Control did not disclose the potential tax implications had Plaintiff accepted the settlement offer which would have resolved her debt for $1,021.64 less than what she owed on the account. Plaintiff does not allege she accepted the offer, or intended to accept the offer, or even that she would have had actual tax implications had she accepted the offer. Nonetheless, Plaintiff contends Credit Control's omission of legal advice regarding the potential IRS tax consequences, [and assuming all of the exclusions thereto], was an attempt to deceptively obfuscate the negative effects to Plaintiff of accepting the settlement offer. *See* Plaintiff's Complaint ¶ 13. Nothing can be further from the truth.

There is nothing misleading or deceptive about the settlement offer contained in Credit Control's letter to Plaintiff. If the offer was accepted, the payment of the settlement amount would have "resolved" Plaintiff's account. *See* Exhibit A. Thus, upon payment of the settlement amount offer within Credit Control's letter, the account would be resolved, and Plaintiff would owe nothing further on the underlying account. Whether or not Plaintiff would potentially owe taxes on any debt forgiven as a result of accepting the settlement offer of ~60% less than the full amount owed is a matter for Plaintiff's accountant or tax attorney to determine and is between Plaintiff and the IRS. Nothing in the FDCPA requires Credit Control to give legal advice to Plaintiff concerning the tax consequences of any settlement of the account.

"Courts confronted with this argument have uniformly held that non-lawyer debt collectors have no obligation under the FDCPA to disclose in dunning letters possible tax consequences of debt forgiveness." *Daugherty v. Convergent Outsourcing, Inc.*, No. CIV.A. H-14-3306, 2015 WL 3823654, at *7 (S.D. Tex. June 18, 2015) (reversed on other grounds). The Second Circuit held that a similar letter offering settlement of the debtor's account for a lump-sum payment equal to a "savings of 48% on your outstanding account balance" did not violate the FDCPA for omitting advice on the possible tax consequences of the forgiven portion of the debt. *See Altman v. J.C. Christensen & Associates, Inc.*, No. 14–2240–CV, 2015 WL 2242398, at *1 (2d Cir. May 14, 2015) ("We ... hold that a debt collector need not warn of possible tax consequences when making a settlement offer for less than the full amount owed to comply with FDCPA."). *See also Rigerman v. Forster & Garbus LLP*, No. 14–CV–1805 MKB, 2015 WL 1223760, at *4 (E.D.N.Y. Mar.16, 2015) ("There is no language in the FDCPA that requires a debt collector to notify a debtor of the potential tax consequences of any debt forgiveness.") (finding dunning letter not misleading); *Schaefer v. ARM Receivable Mgmt., Inc.*, No. CIV.A. 09–11666–DJC, 2011 WL 2847768, at *5

(D.Mass. July 19, 2011) ("The language of the FDCPA does not require a debt collector to make any affirmative disclosures of potential tax consequences when collecting a debt.... [R]equiring, as a matter of law, debt collectors to inform a debtor of such a potential collateral consequence of settling a pre-existing debt seems far afield from even the broad mandate of FDCPA to protect debtors from abusive debt collection practices."); *Landes v. Cavalry Portfolio Servs., LLC*, 774 F.Supp.2d 800, 802–03 (E.D.Va.2011) ("Boiled down to its essence, the Complaint essentially amounts to a claim that [defendant] violated the FDCPA by failing to advise [plaintiff] and other consumers of the tax consequences of accepting a discount of their debt. However, there is no language anywhere in the FDCPA that mandates such affirmative disclosures by a debt collector.").

For these same reasons, Credit Control asserts that Plaintiff's TDCA claims should be dismissed as well. *Fiddick v. Bay Area Credit Serv.*, LLC, CIVIL ACTION NO. 3:18-CV-00416 (S.D. Tex. Apr. 25, 2019) ("Because the FDCPA and TDCA are isomorphic (that is, they share the same general structure but are identified by different names), the same analysis, this Court applied to assess the sufficiency of the FDCPA claim will be utilized to determine the adequacy of the TDCA claim.").

## CONCLUSION

Defendant believes that the cases cited weigh in favor of a dismissal of this action. As such, Defendant respectfully requests that this Court either schedule a pre-motion conference or enter an order allowing Defendant to move for the requested relief.[1]

**INTENTIONALLY BLANK**

---

[1] Defendant does not believe that a pre-motion conference is necessary in this matter. However, Defendant understands that this is a decision for the Court to make. If the Court finds it necessary, Defendant stands ready.

Dated: January 24, 2020.   Respectfully submitted,

**MALONE FROST MARTIN PLLC**

/s/ Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
COOPER M. WALKER
State Bar No. 24098567
Email: cwalker@mamlaw.com

MALONE FROST MARTIN PLLC
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

**COUNSEL FOR DEFENDANT**

**CERTIFICATE OF CONFERENCE**

I hereby certify that counsel for Defendant conferred with Plaintiff's counsel on Friday, January 24, 2020, regarding this pre-motion conference letter and the relief that would be requested in Defendant's motion to dismiss. Plaintiff's counsel confirmed that Plaintiff is opposed to the relief requested.

/s/ Cooper Walker
COOPER M. WALKER

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing Letter was served upon all counsel of record via the Court ECF system, this the 24th day of January, 2020.

/s/ Cooper Walker
COOPER M. WALKER