**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **MARTHA THURMOND,** | |
| **PLAINTIFF,** | **CASE NO. 4:19-cv-04610** |
| **v.** | |
| **CREDIT CONTROL, LLC,** | |
| **DEFENDANT.** | |

## DEFENDANT CREDIT CONTROL, LLC'S MOTION FOR FEES AND COSTS

Defendant, Credit Control, LLC ("Credit Control"), by and through their undersigned counsel, hereby move for an award of attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); 28 U.S.C. § 1927; Section 392.403 of the Texas Debt Collection Act; and the Court's inherent authority against both Plaintiff and her attorneys and state:

### I.   INTRODUCTION

Credit Control hereby moves this Court for entry of an Order granting Credit Control reasonable attorneys' fees and costs incurred in connection with the litigation of this matter. The grounds for this motion are fully set forth in the Memorandum of Points and Authorities herein, but, principally, Credit Control contends that they are entitled to their attorneys' fees and costs under 15 U.S.C. § 1692k(a)(3), and the Court's inherent authority, because Credit Control is the prevailing party and because Plaintiff and/or Plaintiff's counsel brought this action in bad faith and/or for the purposes of harassment.

Plaintiff filed this instant cause of action on December 6, 2019.  On December 5, 2019, counsel for Plaintiff, by and through her counsel, issued a demand to Credit Control in the amount

of $6,875.00.  On January 31, 2020, Credit Control rejected Plaintiff's demand.  Credit Control then filed a Motion to Dismiss as to all claims asserted in Plaintiff's Complaint.  On February 12, 2020, Plaintiff filed a motion to dismiss her Complaint with prejudice.  As a result, Credit Control is the prevailing party in this action.   As more fully set forth herein, Credit Control will present to the Court facts that support the pattern and practice of opposing counsel whereby boilerplate complaints are filed with no factual or legal basis in an attempt to extract settlements based upon the high cost of defense, then voluntarily dismissed when the defendant files a dispositive motion or attempts to secure the deposition of the plaintiff, not only tying up the resources of the Court, but also forcing defendants, including Credit Control here, to incur unnecessary attorneys' fees and costs in defending these frivolous actions.  Further, as more fully set forth in Credit Control's Motion to Dismiss, this case is the exact plaintiff attorney driven theory has already been denied in another district within the State of Texas.

## II.    FACTUAL BACKGROUND SUMMARY

The above cause of action arises from a letter sent by Credit Control to Plaintiff offering to settle a valid and owing debt for a Best Buy Visa credit card account financed by Citibank, N.A. Plaintiff has asserted claims against Credit Control under the Federal Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (the "FDCPA") and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 et seq., alleging that the letter was misleading and deceptive because Credit Control's letter did not disclose the IRS tax implications had Plaintiff accepted the settlement offer in the letter. Plaintiff does not state any authority for her claims, nor does she cite any part of the FDCPA or TDCA that requires a non-attorney debt collector to disclose to a debtor all of the potential tax implications, [and exclusions thereto], of accepting a settlement offer. Further, Plaintiff did not allege she took advantage of the settlement offer in the letter, did not

allege that she intended to take advantage of the settlement offer in the letter, nor did she allege that had she accepted the settlement offer she would have incurred any tax implications.

## III.    APPLICABLE LEGAL STANDARDS

### A.  Attorneys' Fees and Costs under the FDCPA

15 U.S.C. § 1692k(a)(3) provides for an award of a defendant's attorneys' fees, reasonable in relation to the work expended, and costs, if the Court finds that an action brought under the FDCPA "was brought in bad faith and for the purpose of harassment." The standard for awarding fees to a prevailing defendant under these provisions essentially mirrors Federal Rule of Civil Procedure 11's "improper purpose" analysis. See, e.g., *Guidy v. Clare*, 442 F. Supp. 2d 282, 289 (E.D. Va. 2006). In the Ninth Circuit, either an improper purpose or a frivolousness ground will support an award of Rule 11 sanctions. See *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990). In considering a Rule 11 improper purpose or frivolousness claim, the Court should use "an objective standard of reasonableness." Hudson v. Moore Bus. Forms, Inc., 836 F.2d 1156, 1159 (9th Cir. 1987).

### B.  Attorneys' Fees and Costs under TDCA

"On a finding by a court that an action under this section was brought in bad faith or for purposes of harassment, the court shall award the defendant attorney's fees reasonably related to the work performed and costs." Texas Fair Debt Collection Practices Act. 392.403.

### C.  Attorneys' Fees under 28 U.S.C. § 1927

28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The district court must make detailed factual findings when imposing large sanctions in a complex case with an extensive record. *Topalian v. Ehrman*, 3 F.3d 931, 936 n. 5 (5th Cir. 1993) (stating that large sanctions imposed in a complex case must be accompanied by detailed findings); *Smith Int'l, Inc. v. Tex. Commerce Bank*, 844 F.2d 1193, 1197 (5th Cir. 1988) (stating that larger sanctions require more rigorous appellate review, requiring more detailed factual and legal findings). The court must (1) identify sanctionable conduct and distinguish it from the reasons for deciding the case on the merits,[1] (2) link the sanctionable conduct to the size of the sanctions,[2] and (3) differentiate between sanctions awarded under different statutes.[3] Specific findings permit effective appellate review of the validity and amount of fees. *Browning v. Kramer*, 931 F.2d 340, 343 (5th Cir. 1991).

### D.  Attorneys' Fees Under the Court's Inherent Authority

The ability of district courts to levy sanctions under their inherent power is well settled. The imposition of sanctions under the inherent power is a decision particularly committed to the sound discretion of the district court. The inherent power was expressly derived from that "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 50, 111 S.Ct. 2123, 2135, 115

---

[1] *Topalian*, 3 F.3d at 937 (stating that "the court must announce the sanctionable conduct giving rise to its order"); *Browning*, 931 F.2d at 346 ("Section 1927 is aimed at specific conduct and claims."); *Smith Int'l*, 844 F.2d at 1198 (distinguishing between decision on the merits and determination that legal claim was so frivolous as to justify sanctions for multiplying proceedings).

[2] *F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (stating that district court must link conduct to fees shifted); *Topalian*, 3 F.3d at 937 ("The district court must demonstrate some connection between the amount of monetary sanctions it imposes and the sanctionable conduct by the violating party"); *Browning*, 931 F.2d at 346 (stating that findings must provide attorney with an opportunity to challenge amount of fees shifted on appeal).

[3] *Topalian*, 3 F.3d at 931 (stating that district court has obligation to announce which legal rules or statutes give rise to which sanctions); *Browning*, 931 F.2d at 346 (explaining that § 1927 grants only limited authority to shift fees and requiring district courts to specify the sources of their authority for shifting fees).

---

L.Ed.2d 27 (1991) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962)).  When a district court imposes sanctions under the inherent power, it is because the court has determined, in its discretion, that the particular sanctions are necessary to effectuate these important goals as to the particular defendants under its particular theory of the case. *Crowe v. Smith*, 151 F.3d 217, 240 (5th Cir. 1998).

Furthermore, "[a] court may assess attorney's fees under its inherent powers when a party has acted in bad faith, vexatiously, want only, or for oppressive reasons, or has defiled the 'very temple of justice.'" *Matta v. May*, 118 F.3d 410, 416 (5th Cir. 1997) (quoting *Chambers*, 501 U.S. at 45-46).  A court must make a specific finding that the sanctioned party acted in bad faith in order to impose such sanctions.  *Dawson v. United States*, 68 F.3d 886, 895 (5th Cir. 1995).

The only meaningful difference between a [sanction] award made under [28 U.S.C] § 1927 and one made pursuant to the court's inherent power is . . . that awards under § 1927 are made only against attorneys or other persons authorized to practice before the courts while an award made under the court's inherent power may be made against an attorney, a party, or both. *Enmon v. Prospect Capital Corp.*, 675 F.3d 138, 143-144 (2d Cir. 2012) (citations omitted).

The Fifth Circuit has indicated that even if a statute governs the imposition of attorney's fees, a district court may "resort to its inherent power to impose attorney's fees, as a sanction for bad faith conduct.  This is plainly the case where the conduct at issue is not covered by one of the other sanctioning provisions."  *Boland Marine Mfg. Co. v. Rihner*, 41 F.3d 997, 1005 (5th Cir. 1995) (quoting *Chambers*, 501 U.S. at 50).

In Chambers, the Supreme Court of the United States held that, in a situation where a party acts in bad faith, and when "neither the statute nor the rules [is] up to the task [of sanctioning the conduct], the court may safely rely on its inherent power" to assess attorney's fees.   501 U.S. at

---

50, 111 S. Ct. at 2136; see also *United States v. Horn*, 29 F.3d 754, 760 (1st Cir. 1994) ("[E]ven though a particular abuse is covered by a specific statute or rule, a court still may invoke its supervisory power to address the abuse if the remedial provision is inadequate to the task."); *Amsted Indus. v. Buckeye Steel Castings Co.*, 23 F.3d 374, 378 (Fed. Cir. 1994) ("[S]tatutes governing sanctions do not displace the federal courts' inherent power to impose sanctions for bad faith and vexatious conduct.").

## IV.   ARGUMENT

Plaintiff and/or Plaintiff's counsel have brought this action in bad faith.  The Complaint lacked a legal basis for Plaintiff's Complaint in an attempt to engage in tactics designed to "shakedown" Credit Control, forcing both Credit Control and the Court to sort through Plaintiff's frivolous claims.  Plaintiff and Plaintiff's counsel filed this action with boilerplate allegations knowing the allegations presented in the Complaint lacked any legal basis, devoid of supporting law, undertaken without a reasonable investigation, and brought solely to shakedown a hefty settlement, Credit Control should be awarded their reasonable attorneys' fees and costs under the aforementioned statutes against both Plaintiff and Plaintiff's counsel.

In fact, this is not the first cause of action filed by this same opposing counsel against Credit Control with the same boilerplate allegations which resulting in opposing counsel dismissing the action.[4]

### A.  Credit Control is Entitled to the Recovery of Reasonable Attorneys' Fees Under 15 U.S.C. § 1692k(a)(3)

Credit Control is entitled to the recovery of their reasonable attorneys' fees and costs under the FDCPA (specifically, 15 U.S.C. § 1692k(a)(3)). The standards for awarding fees under this

---

[4] See Also *Cucinella v. Credit Control LLC* 5:19-cv-01424 (2019 WDTX)

statute is essentially whether Plaintiff brought this action for improper purpose. The facts of the case, lack of factual and legal support for Plaintiff's claims, and settlement demands demonstrate that Credit Control should be awarded their reasonable attorneys' fees and costs against both Plaintiff and Plaintiff's counsel.

**1.  Plaintiff's Complaint Was Not Supported by Existing Law or a Good Faith Argument for the Modification of Existing Law.**

Plaintiff and Plaintiff's counsel filing of this action without any factual basis for the allegations in Plaintiff's Complaint circumvents the requirement of Plaintiff and his counsel when engaging the legal system.  Courts consider shotgun style pleadings reprehensible. *Jackson v. Bank of America, N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018).  The boilerplate allegations in Plaintiff's Complaint mirror the exact allegations in other complaints filed by the same opposing counsel against Credit Control.  While filing one case without any factual support for the allegations might be forgivable as a mistake by counsel, but the pattern and practice of filing shotgun pleadings by opposing counsel underscores bad faith, especially in light of the fact that the claims in this action are so egregious when compared to the underlying facts and such was filed without any support of existing law or a good faith argument in support of modifying the existing law.

Put another way, Plaintiff's legal strategy was, in a word, frivolous.  Plaintiff's sole path to recovery was to rely upon boilerplate allegations which were not support by any Pennsylvania law or under the FDCPA, and with no good faith argument for modification thereto, only to extort sums from Credit Control due to the high cost of defense. As a result, it is apparent that Plaintiff and Plaintiff's counsel filed and maintained this action in bad faith, and this Court should award Credit Control its reasonable attorneys' fees and costs, against both Plaintiff and his counsel.

### 2. Plaintiff's Settlement Demand and Subsequent Offer to Dismiss this Action Demonstrates that Plaintiff Brought this Action in Bad Faith and/or for an Improper Purpose.

Likewise, the mere fact that Plaintiff's counsel submits a settlement demand, then offers to dismiss the case (with conditions) once Credit Control files its Motion to Dismiss, demonstrates that Plaintiff brought this action in bad faith and/or for an improper purpose. Under the FDCPA, a plaintiff is entitled to: actual damages; statutory damages up to $1,000.00 for a violation; and reasonable attorneys' fees and costs. See 15 U.S.C. § 1692k(a). Unfortunately, the nature of this relatively low stakes, fee shifting litigation, means that such suits are virtually always more economical to settle than to defend, even meritless suits, which breeds a variety of "shakedown" lawsuits, such as Plaintiff's Complaint. An evaluation of the underlying facts, allegations, and conduct of the Plaintiff and/or Plaintiff's counsel supports that Plaintiff's Complaint was filed for an improper purpose.

Once again, this Court should not tolerate such flagrant behavior that can be described only as bad faith and should award Credit Control its reasonable attorneys' fees and costs against both Plaintiff and her attorneys.

### 3. Public Policy and Existing Case Law Favor an Award of Attorneys' Fees and Costs in this Case as a Deterrent.

Public policy and existing case law favor an award of attorneys' fees and costs in this case as a deterrent. Filing frivolous lawsuits must have its limits, limits which were pushed beyond the breaking point in this case. Indeed, courts have not hesitated in the past to sanction litigants for comparable conduct in the past, which is all that Credit Control is requesting in the case.

Plaintiff's counsel was being intentionally ignorant to the underlying law and filed a boilerplate Complaint in an attempt to extort sums from Credit Control due to the high cost of

defense. As a result, this Court should award Credit Control its reasonable attorneys' fees and costs as set forth below, against both Plaintiff and his counsel.

### B. Credit Control is Entitled to Reasonable Attorneys' Fees and Costs Under Section 392.403 of the Texas Debt Collection Act.

"On a finding by a court that an action under this section was brought in bad faith or for purposes of harassment, the court shall award the defendant attorney's fees reasonably related to the work performed and costs." Texas Fair Debt Collection Practices Act. 392.403.

### C. Credit Control is Entitled to Recover Their Reasonable Attorneys' Fees Under 28 U.S.C. § 1927 and This Court's Inherent Authority.

Credit Control is entitled to recover their reasonable attorneys' fees and costs under 28 U.S.C. § 1927 and under this Court's inherent authority. 28 U.S.C. § 1927 empowers this Court to award sanctions against an attorney whose conduct unreasonably and vexatiously multiplies the proceedings in a case. Likewise, this Court has the inherent authority to assess attorneys' fees against counsel for abusive litigation tactics. See, e.g., *Roadway Exp., Inc.*, 447 U.S. at 765. Credit Control respectfully request a full award of their attorneys' fees and costs under these powers vested in the Courts against both Plaintiff and Plaintiff's counsel.

There is no question that Plaintiff and Plaintiff's counsel have abused the litigation process in bad faith and multiplied the proceedings here, resulting in unnecessary exhaustion of the resources of the parties and the Court by: 1) failing to adequately investigate the facts and being willfully ignorant of the facts presented to them; 2) pursuing a legal position that is directly contrary to Pennsylvania law and the FDCPA, without any good faith argument for the modification of existing law; and 3) maintaining this instant cause of action for harassment by refusing to dismiss the action without condition after being presented with overwhelming facts that refute each and every claim presented by Plaintiff and Plaintiff's counsel. For these reasons,

Credit Control respectfully request an award of attorneys' fees and costs as set forth below, against both Plaintiff and Plaintiff's counsel.

### D.  Credit Control's Reasonable Attorneys' Fees.

District courts in FDCPA litigation must calculate awards for attorneys' fees using the "lodestar" method. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). The lodestar is calculated, functionally, by multiplying the number of hours reasonably expended by the prevailing party by a reasonable hourly rate. Id. If circumstances warrant, an adjustment to the lodestar may be made on a case by case basis for other appropriate factors. Id. Accordingly, Credit Control's request fees and costs as follows:

Counsel for Credit Control has attached an affidavit setting forth the time and costs incurred by Credit Control in connection with this action totaling $2,096.80. <u>Exhibit A</u>.

### V.    CONCLUSION

For all of the reasons set forth above, Plaintiff and his attorneys have brought this frivolous action in bad faith; in disregard to the facts and without any legal basis; and with an improper purpose. Thus, Credit Control, LLC respectfully request that this Court grant its Motion in full and enter an Order awarding Credit Control, LLC no less than $2,096.80 in reasonable attorneys' fees and costs against both Plaintiff and her attorneys.


Dated:  February 21, 2020.                              Respectfully Submitted,


**INTENTIONALLY BLANK**

**MALONE FROST MARTIN PLLC**

*/s/* Robbie Malone
ROBBIE MALONE
State Bar No. 12876450
Email: rmalone@mamlaw.com
EUGENE XERXES MARTIN, IV
State Bar No. 24078928
Email: xmartin@mamlaw.com
PATRICK A. WATTS
Email: pwatts@mamlaw.com
ADMITTED PRO HAC VICE
COOPER M. WALKER
State Bar No. 24098567
Email: cwalker@mamlaw.com

**MALONE FROST MARTIN PLLC**
NorthPark Central, Suite 1850
8750 North Central Expressway
Dallas, Texas 75231
T: 214-346-2630 | F: 214-346-2631

***Attorneys for Defendant*,**
**CREDIT CONTROL, LLC**

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Defendant Credit Control, LLC's Motion for Fees and Costs has been served upon all counsel of record by electronic delivery through ECF and email on this the 21st day of February, 2020.

/s/ Robbie Malone
ROBBIE MALONE