United States District Court
Southern District of Texas
**ENTERED**
May 07, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MARTHA THURMOND, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-4610 |
| § | |
| CREDIT CONTROL, LLC, § | |
| § | |
| Defendant. § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Martha Thurmond's Motion to Dismiss her Complaint with Prejudice (Dkt. 14) and Defendant Credit Control, LLC's Motion for Fees and Costs. Dkt. 15. After carefully reviewing the motions, response, and reply, the record, and the applicable law, the Court **DENIES** Credit Control's motion for fees and costs. In accordance with Thurmond's notice of dismissal and Federal Rule of Civil Procedure 41(a)(1)(A)(i), this action is **DISMISSED WITH PREJUDICE**.

## I. Background

Plaintiff Martha Thurmond filed her Complaint against Credit Control, LLC, on November 25, 2019, alleging claims under the Fair Debt Collection Practices Act (FDCPA) and the Texas Debt Collection Act (TDCA). Dkt. 1 ("Compl.") at 1. Thurmond alleges that Credit Control, a debt collector, offered to settle her debt on a consumer credit card for an amount less than the outstanding debt without advising her of the tax consequences of accepting that offer. Compl. ¶¶ 8–14.

This Court requires parties to file pre-motion letters before filing certain dispositive motions, including motions to dismiss under Federal Rule of Civil Procedure 12. In accordance with the Court's procedures, Credit Control filed a pre-motion letter on January 27, 2020, requesting leave to file a motion to dismiss Thurmond's Complaint under Rule 12(b)(6). Dkt. 10. In that letter, Credit Control argued that Thurmond's Complaint fails to state a claim because debt collectors like Credit Control "have no obligation under the FDCPA [or the TDCA] to disclose in dunning letters [such as the one forming the basis for Thurmond's Complaint] possible tax consequences of debt forgiveness." Dkt. 10 at 2.

Thurmond then moved to dismiss her own Complaint with prejudice. Dkt. 14. Thurmond requested that each party bear their own costs and attorneys' fees. Dkt. 14 at 2; Dkt. 14-1.

Credit Control then moved for an award of attorneys' fees and costs under various statutes, but "principally" under 15 U.S.C. section 1692k(a)(3). Dkt. 15 at 1. Credit Control argues it is entitled to fees and costs because it is the prevailing party in this action and because Thurmond or her counsel brought this action in bad faith or to harass Credit Control. Dkt. 15 at 1. Credit Control seeks an award of "no less than $2,096.80 in reasonable attorneys' fees and costs." Dkt. 15 at 10.

## II. Analysis

Under Federal Rule of Civil Procedure 41, "the plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). A

motion to dismiss is not an answer and does not terminate a plaintiff's right to unilaterally dismiss an action. *Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979).

Credit Control asserts entitlement to attorneys' fees and costs under 15 U.S.C. section 1692k(a)(3), 28 U.S.C. section 1927, and the Texas Finance Code section 392.403. To award Credit Control attorneys' fees under any of these provisions, the Court must find that the action "was brought in bad faith and for the purpose of harassment," 15 U.S.C.A. § 1692k(a)(3); *see also* Tex. Fin. Code § 392.403(c) (mandating award of attorneys' fees "[o]n a finding by a court that [the action] was brought in bad faith or for purposes of harassment"); or that the action was brought "unreasonably and vexatiously." 28 U.S.C. § 1927.

No such finding is warranted on the record before this Court. *See Carter v. CBE Grp., Inc.*, Civ. Action 13-2083, 2014 WL 502388, at *2 (S.D. Tex. Feb. 7, 2014) ("[C]ourts that have awarded fees under [Section 1692k(a)(3)] appear to have done so in cases that have proceeded through discovery or otherwise been litigated for some period [and where] the plaintiff has not dismissed claims shown to be meritless.")

In thirteen pages of briefing riddled with accusations of "flagrant behavior" and a "shakedown," Credit Control argues that Thurmond or her counsel have filed this action knowingly to exert undue settlement pressure on Credit Control. That argument is based on the following alleged facts: (1) Thurmond's counsel submitted a settlement demand to Credit Control, (2) Thurmond moved to dismiss her action once Credit Control filed its pre-motion letter, (3) Thurmond's Complaint raised claims without legal basis, and

(4) "this is not the first cause of action filed by this same opposing counsel against Credit Control" raising substantially similar claims. *See* Dkt. 15 at 6–8. Credit Control can say no more than that this case is "not the first"; it points the Court's attention to just one other case filed in the Western District of Texas. Dkt. 15 at 6.

Under Credit Control's theory, Thurmond or her counsel connived to file a knowingly frivolous claim with the sole intention of "shaking down" Credit Control for a favorable settlement. Evan assuming that Thurmond's claims are in fact foreclosed by controlling authority, this theory strains credulity, considering that Thurmond voluntarily dismissed her own lawsuit before even waiting for the Court to hold a hearing or rule on the motion to dismiss.

The facts are more consistent with the conclusion that Credit Control's pre-motion letter was effective and that this Court's Procedures requiring pre-motion letters functioned here exactly as they are meant to. Without expending the time and resources needed to file an answer or to fully brief a motion to dismiss, Credit Control filed a short letter explaining the basis for dismissal, which resulted in the plaintiff voluntarily dismissing her own claims—as is her right under Rule 41. Awarding Credit Control costs would only discourage plaintiffs like Thurmond from voluntarily dismissing their claims as soon as it becomes clear that they are unmeritorious.

This Court finds that Thurmond has not shown that Credit Control acted in bad faith warranting an award of fees or costs. *See, e.g.*, *Tejero v. Portfolio Recovery Assocs., L.L.C.*, 955 F.3d 453 (5th Cir. 2020) (reversing district court award of attorneys' fees

based on finding of bad faith where district court improperly "infer[red] subjective bad faith based on its view of the attorneys' 'intent'").

### III. Conclusion

Credit Control's motion (Dkt. 15) is **DENIED**. This action is **DISMISSED WITH PREJUDICE**. The Court will separately enter a final judgment.

SIGNED at Houston, Texas, this 7th day of May, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE